The opinion of the court was delivered by
McENERY, J.
Plaintiff sues for $20,000 damages for personal injuries sustained by him through the fault of defendant; the injuries consist of the loss, by amputation, of one joint of the thumb, two joints of the third finger of the left hand, and the mutilation of the hand in other respects; the amputations and other injuries were in consequence of, and caused by his being run over by a ear of defendant, at the corner of Esplanade and Levee streets; the damages consist of physical and mental pain, injury temporary and permanent to *1154 his hand; impairment of capacity in his vocation of cotton classer, marker and'inspector, etc.
The negligence charged against defendant is:
1. The bad condition of the street where plaintiff was injured, which caused him to fall from a wagon he was riding on, to the track, where he was run over.
2. That the driver of the car, by the exercise of ordinary care, which he failed to observe, could have avoided running over him.
3. That the driver at the time was exhausted from overwork and long hours of duty, and on this account could not perform his duty with proper diligence.
After the overruling of an exception of no cause of action, defendant joined issue by a general denial, followed by a special denial of any unusual hole or bad condition of the street where plaintiff fell, and an averment of contributory negligence; it was further specially denied that plaintiff could have any right of action against defendant, based upon its contract withthe city to keep the streets inrepair.
A trial by jury resulted in a verdict for plaintiff for $750.
The defendant appealed.
The petition alleges that the plaintiff was in a wagon driven by Jacob Rosch; that, when said wagon reached the corner of Esplanade street, the driver, in order to allow the passage of a car of the defendant company, coming from behind on the track on which the wagon was proceeding, and going in the same direction, caused said wagon to turnout of the track, and the driver drove in the direction of the Mississippi river. That, in so doing, without any fault of the driver or the plaintiff, one of the front wheels of the wagon fell into a large hole in the street, immediately next to the outer rail, causing a severe and sudden jolt of the wagon, which threw the plaintiff to the ground on or near the track on the river side. That, while the plaintiff lay in this position, unconscious from the fall, the car, for which the wagon had turned aside to allow it to pass, was carelessly driven over petitioner’s left hand.
The evidence fails to establish the allegations in plaintiff’s petition.
The street over which the wagon was driven is not shown to be in a bad condition. If it were so shown, this fact alone would not entitle the plaintiff to recover. The proof must be specific that the accident was caused by the defect in the street, specially referred to and alleged' in the petition as the. immediate cause of the accident. *1155 'The plaintiff has failed to show that there was such a large hole in the street in which the wheel of the wagon entered, wliich caused the jolt of the wagon which threw the plaintiff from it.
Plaintiff’s witnesses show the largest dimension of the hole to be three inches wide and eighteen inches long. We are satisfied that this “hole” was only the usual separation at places of the track from the block pavement in the street, in some places probably unavoidable.
Jacob Rosch, the driver of the wagon from which plaintiff fell, says: “I heard a car behind me, and I could not look through the wagon in the back, and I turned around this way and looked and saw a car, and turned off. As the hind wheel was sliding out of the track, I happened to look around, and saw Nivette going out; and I tried to grab him, but I could nob hold him.” It was a wet day when the accident occurred.
The following questions were asked the driver of the wagon, a witness for plaintiff:
“ Q. Was that jolt any more severe than is ordinary on a square block pavement getting put of a street car track?
“A. It is on account of getting out of a smooth road like that. A wagon generally slides, especially on a wet day.
“ Q,. The way it goes off a rail it makes a jolt?
“ A. Yes; and of course if there is a hole there.
“ Q,. Was this hole of a character any more conspicuous than you find ordinarily in the streets?
“ A. No, sir; there are plenty of holes along the track.’.-’
The hole only being three inches wide, it is certain that the wheel of the wagon, driven directly from the track, would not go into it. The front wheels would be the first to enter it, if it were large enough. It is evident the driver of the wagon had turned from the track in the direction which he1 was going, placing the wagon nearly parallel to the track, and in doing so the hind wheel slided along the track as described by the driver. It was not a severe or unusual jolt, as the driver was undisturbed in his seat. ’
The plaintiff was carelessly sitting on a seat, without guards, cross-legged, rolling a cigarette. Had he been more careful the accident would not have occurred. Had the hole existed as alleged by plaintiff, and the wagon received only such a jolt as described by the *1156 driver, who was not affected by it, the plaintiff’s negligence would bar arécovery.
After the wagon turned out of the track and the plaintiff fell, the car was. so close to him that it was an impossibility for it to be stopped before it ran over a part of plaintiff’s body. The car driver was not negligent or careless. The evidence is conclusive that the car was stopped as soon as human power could do so.
We do not lightly disturb the verdict of juries. In this case the verdict is so manifestly erroneons that we do not hesitate to set it aside.
It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is further ordered that there be judgment for the defendant, dismissing plaintiff’s suit at his cost.